IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLARK TOODLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:09-CV-150-WKW [WO] |
| | ) | |
| RICHARD F. ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Clark Toodle was an employee of J.F. Ingram State Technical College ("JFI"), a unit of the Alabama community college system.  JFI operates campuses on-site at various Alabama state correctional institutions, which are managed by the Alabama Department of Corrections ("ADOC") and headed by Defendant Commissioner Richard F. Allen.  While teaching at JFI/ADOC's Draper/Staton facility, a random canine search or Mr. Toodle's vehicle led to the discovery of a green leafy substance, which later tested positive for marijuana.  ADOC barred him from its property, he lost his job with JFI, and he then commenced this lawsuit.  Before the court is Commissioner Allen's motion for summary judgment (Doc. # 31), which is due to be granted.

### I.  JURISDICTION AND VENUE

The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1441. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of each.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-24.

If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish, with evidence beyond the pleadings, that a genuine issue material to each of its claims for relief exists.  Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324.  What is material is determined by the substantive law applicable

to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). Furthermore, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (internal quotation marks and citation omitted).

A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). If the evidence on which the nonmoving party relies, however, "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). "A mere 'scintilla' of evidence supporting the [nonmovant's] position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party," *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted), and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential

3

to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment should be granted in favor of the defendant. *Celotex*, 477 U.S. at 323.

Thus, in cases where the evidence is admissible on its face or can be reduced to admissible form and establishes there is no genuine issue of material fact, and where the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24.

### III. DISCUSSION

Mr. Toodle's Amended Complaint (Doc. # 23) contains four counts against Mr. Allen. First, he brings a claim pursuant to 42 U.S.C. § 1983, and the Fourteenth Amendment to the U.S. Constitution, for deprivation of procedural due process in his barring from ADOC facilities. (Doc. # 23, ¶¶ 8-11.) Second, he brings another section 1983 claim for "releasing derogatory information to the President of Ingram about Plaintiff that effected [sic] or impaired his property interest without providing him due process." (Doc. # 2, ¶¶ 12-14.) Third and fourth, he purports to bring counts somehow related to ADOC's lack of state-law authority to bar individuals from JFI property. (Doc. # 2, ¶¶ 15-18, 19-22.) While the Amended Complaint claims that this dispute presents a "justiciable controversy," there is no citation to, or explanation of, what cause of action underlies these counts, or what form of relief could be obtained by Mr. Toodle on the basis of this court refereeing the state-law question of which of two state agencies owns or leases particular parcels of property.[1]

---

[1] Perhaps out of an abundance of caution, Commissioner Allen seeks summary judgment on these claims by arguing that his actions were not "arbitrary or capricious." (Doc. # 32, at 6.) But because

Therefore, Counts III and IV are due to be dismissed and will not be discussed further.  As relevant to the constitutional claims, the state-law property issue is addressed below.

### A.  Procedural Due Process

At issue in Count I is Mr. Toodle's claim that he was entitled to additional due process before he was barred from ADOC facilities.  Notably, Mr. Toodle does not contest that he was given a pre-termination hearing by his employer, JFI.  (Doc. # 15, Exs. 8, 9.)  A reading of the Hearing Officer's opinion on Mr. Toodle's *motion in limine*, (Doc. # 15, Ex. 9) reveals that the Hearing Officer did not inquire into the validity of Mr. Toodle's barring from ADOC property, but only into the validity of Mr. Toodle's termination by JFI given that he could no longer enter ADOC premises.[2]  Mr. Toodle argues that he is entitled to an ADOC hearing at which he could contest his having been barred from its property.

A claim for procedural due process has three elements: "(1) whether there is enough of a property interest at stake to be deemed 'protectable'; (2) the amount of process that should be due for that protectable right; and (3) the process actually provided, be it before or

---

there is no free-floating cause of action against anyone who performs an "arbitrary or capricious" act – or even against a state actor who does so, without more – these counts do not state valid claims.   In any event, case law cited relating to federal agencies under the federal Administrative Procedure Act is plainly irrelevant to the duties and authority of an Alabama state agency.

[2] According to Mr. Toodle's briefing, he prevailed before the Hearing Officer, who ordered JFI and Mr. Toodle to "enter into collaborative discussions" to find Mr. Toodle alternative employment within JFI "that did not run afoul of DOC's ban."  (Doc. # 33, at 19; Ex. T.)  JFI then sought review in the Alabama Court of Civil Appeals, where the case remains pending.  (Doc. # 33, at 19; Exs. X, Y.) While not dispositive, this outcome would appear somewhat at odds with Mr. Toodle's claim that ADOC's ban inevitably led to his termination from JFI, rather than merely preventing him from performing particular jobs within JFI.

after the deprivation." *Greenbriar Vill., L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1264 (11th Cir. 2003). With respect to the first element, "no procedural due process claim exists until a sufficiently certain property right under state law is first shown." *Id.* at 1265. It is on this question that Mr. Toodle's claim founders.

Mr. Toodle is correct in arguing that it is well established that a public employee with tenure rights has a property interest in his or her employment. *See Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972); *Nolin v. Douglas County*, 903 F.2d 1546, 1552-53 (11th Cir. 1990) *overruled on other grounds by McKinney v. Pate*, 20 F.3d 1550, 1558 (11th Cir. 1994) (*en banc*); *Urban Sanitation v. City of Pell, Ala.*, 662 F. Supp. 1041, 1042-43 (N.D. Ala. 1986). Mr. Toodle's difficulty is that he cannot contend that he did not receive due process in being terminated from his employment with JFI. Rather, to succeed in his claim against Commissioner Allen, he must show that he also has a property interest in being permitted to enter ADOC property. "It is well-established that '[t]o have a property interest in a benefit, a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Price v. Univ. of Ala.*, No. 03-15511, 2004 WL 1253201, at *2 (11th Cir. April 20, 2004) (quoting *Roth*, 408 U.S. at 577). Mr. Toodle's argument is that ADOC's barring of him from its facilities makes it practically impossible for him to do his job at JFI; therefore, ADOC, in essence, terminated his employment, and must provide him with due process.

First, as the Hearing Officer noted, it is unclear whether Mr. Toodle's factual premise is correct – that is, whether there is no job Mr. Toodle could perform with JFI that would not require him to enter ADOC property. (Doc. # 15, Ex. 9, at 26.) To the extent Mr. Toodle's termination took place in spite of the fact that he could have been reassigned to other duties, it is JFI's decision, and not ADOC's, that led to his firing. Second, even assuming Mr. Toodle is correct that ADOC's barring of him from its property led inevitably to his termination by JFI, he still must explain why he has a property interest in being permitted onto ADOC premises. He simply fails to do so. Mr. Toodle himself repeatedly emphasizes that ADOC and JFI are separate state agencies, with their own chains-of-command and spheres of authority. Indeed, he devotes much of his response brief (Doc. # 33) and supplemental response (Doc. # 37) to a largely irrelevant discussion of which agency owns or leases precisely which of the parcels of land on which JFI and ADOC facilities are located. But no authority is cited for the proposition that one state actor must provide some particular level of access or authorization to employees of a separate state actor, and that the employees have a property interest in such access.

Much of Mr. Toodle's argument is based on the contention that ADOC lacks the authority under state law to bar him from all of JFI's facilities, which typically adjoin and are connected to ADOC correctional institutions, and are governed by various leasing and ownership arrangements between the two agencies. (Doc. # 33, at 19-24.) The court is unsure what Mr. Toodle seeks to achieve by making this argument. Assuming it is true, it makes it

even more obvious that Mr. Toodle's remedy cannot be against ADOC, since (according to Mr. Toodle's interpretation of state law) it can only be JFI, and not ADOC, that has the authority to bar him from the premises in question. Yet JFI is not a defendant in this action, and in any event did provide Mr. Toodle with procedural due process in the form of a hearing.

To the extent that Mr. Toodle is arguing that JFI and ADOC are misinterpreting the scope of ADOC's state-law authority, that question of state law is not somehow converted into a federal constitutional cause of action by being brought under the guise of a due process claim. *See Cabberiza v. Moore*, 217 F.3d 1329, 1337 (11th Cir. 2000) (noting that violations of state law are not the basis, in themselves, for federal constitutional claims). It is true that property interests for due process purposes are created by state law, but neither the absence nor the presence of ADOC's state-law authority to bar Mr. Toodle from JFI facilities would create a property interest *on the part of Mr. Toodle.* The "dispute" Mr. Toodle alleges would be between JFI and ADOC, not between either agency and himself (although, to be clear, neither agency appears to believe that any such dispute exists)[3]. If ADOC did have the

---

[3] In its summary judgment brief, ADOC specifically disavows any authority or intent to ban Mr. Toodle "from non-ADOC property." (Doc. # 32, at 3.) Mr. Toodle cites statements by JFI's President that JFI would like to have Mr. Toodle back as an employee, but is prevented from doing so by ADOC's ban. (Doc. # 33, at 18.) But there is no indication that JFI believes that ADOC is overstepping its legal authority in barring Mr. Toodle from the relevant premises; only that JFI's President wishes that ADOC would exercise that authority differently. If JFI has a legal dispute with ADOC about their respective powers, there is no sign of that dispute in the record here, and this case would not be the forum to resolve such a dispute.

The testimony from JFI's President also indicates that, in practice, ADOC may enforce its displeasure with particular JFI instructors by simply not allowing prisoners to attend programs conducted by that instructor, which in effect causes JFI to terminate the instructor for inability to do his or her job. (Doc. # 33, at 17.) Mr. Toodle does not, and could not plausibly, claim that he has a property interest in having ADOC actually provide him inmates to teach.

authority to ban him, then he has shown no property interest in being permitted on its property.  If ADOC lacks such authority because the property in question is owned or leased by JFI, then any claim Mr. Toodle has is against JFI and not ADOC.  If the ADOC officers who guard the entrances to JFI facilities are acting *ultra vires* in enforcing the ban against Mr. Toodle, that is a matter between the two agencies, and is not the basis for a constitutional claim.

Because Mr. Toodle has not shown that he had any property interest in access to ADOC facilities or property, his procedural due process claim fails on the first prong of the *Greenbriar Village* test.  Accordingly, the motion for summary judgment is due to be granted on this count.

### B. Constitutional Defamation Claim

Count II of the Amended Complaint states a constitutional due process claim based on a theory endorsed by the Supreme Court in *Roth*, permitting recovery in some instances for public employees who suffer defamation by their employers.  *See* 408 U.S. at 573-74 (holding that due process requires a hearing when charges affecting "reputation, honor, or integrity," or implying guilt of "dishonesty[] or immorality" are given as the basis for an employment decision) (citations omitted).  Mr. Toodle does not discuss or analyze this claim in his summary judgment briefing, so arguably he has abandoned it.  Assuming it has not been abandoned, it fails for at least three reasons.

First, *Roth* speaks to an entitlement to a hearing conducted by the employer who terminated an employee.  In *Roth*, the employee, a university professor, might have been entitled "to refute the charge before University officials."  *Id*. at 573.  As explained earlier, Mr. Toodle did have a hearing to adjudicate his complaints against his employer, JFI; *Roth* does not say that he is entitled to another hearing from an agency that did not employ him.

Second, it is apparent from subsequent case law that there is a "publication" requirement in such cases; that is, an employee is not entitled to due process protections for defamation unless the state employer has somehow distributed or otherwise publicized the allegedly defamatory reasons for the termination.  *See Paul v. Davis*, 424 U.S. 693, 709 (1976) (holding that claims attaching a "badge of infamy" to individuals are actionable); *Tebo v. Tebo*, 550 F.3d 492, 503-04 (5th Cir. 2008) ("[T]he stigma must have been 'published' by the government."); *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (claim must be "made public").  While *Cannon* held that an allegation being placed in a public personnel file was sufficient to constitute publication, Mr. Toodle has not contended that the allegations against him were placed in a public personnel file, and has not otherwise explained how the state "published" them.

Third, and most simply, Mr. Toodle's claim fails because he does not argue that the "defamatory" statements made by ADOC are untrue.  In the Amended Complaint, he states that Commissioner Allen sent the President of JFI "a memo stating that . . . a 'green leafy' substance believed to be marijuana was found in" Mr. Toodle's car.  (Doc. # 23, ¶ 14.)  Mr.

Toodle nowhere disputes that this is a correct statement of fact.  In his summary judgment brief, he admits that "a Skoal can containing a green leafy substance alleged to be marijuana was removed from Toodle's vehicle."  (Doc. # 33, at 5.)  His prospective defense to the charge appears to be that the green lefty substance could have been placed there by an inmate or unknown other person.  (Doc. # 33, at 16.)  But the supposed defamatory statement did not contain any assertion about who had put the Skoal can in Mr. Toodle's car, only that it contained a green leafy substance believed to be marijuana, and was found in his car.  (Doc. # 23, ¶ 14.)  A true statement cannot be the basis for a defamation claim.  *Casey v. McConnell*, 975 So. 2d 384, 390 (Ala. Civ. App. 2007).

Accordingly, Mr. Toodle has not established any genuine issue of material fact with respect to his constitutional defamation claim, and the motion for summary judgment is due to be granted.

## IV.  CONCLUSION.

For the foregoing reasons, it is ORDERED Commissioner Allen's motion for summary judgment (Doc. # 31) is GRANTED, and this case is DISMISSED with prejudice.  Final judgment will be entered separately.

DONE this 28th day of June, 2010.

/s/ W.  Keith Watkins
UNITED STATES DISTRICT JUDGE
